UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELSON BENJAMIN OKHIO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civ. No. 18-13525 (KM)<br><br>**MEMORANDUM AND ORDER** |

Petitioner pro se, Telson Benjamin Okhio, an immigration detainee currently held at the Hudson County Correctional Facility, in Kearny, New Jersey, filed with this Court a petition seeking several forms of relief: among other things, reinstatement of his prior release on bond from immigration custody, issuance of a U-Visa,[1] a vacatur or reduction of his criminal conviction before the United States District Court for the Eastern District of New York, and a resentencing under that conviction.

The Court will construe the petition as one challenging the propriety or duration of Petitioner's immigration detention and seeking habeas relief under 28 U.S.C. § 2241. Insofar as Petitioner also seeks to challenge his criminal conviction and sentence, the Court notes that such challenges must be raised before the Court that imposed the original sentence—in this case, the United States District Court for the Eastern District of New York. *See Taylor v. Zickefoose*, No. 10-4137, 2011 WL 734926, at *2–3 (D.N.J. Feb. 22, 2011); *see also* 28 U.S.C. § 2255(a). The issuance of a U-Visa generally requires a proper application to U.S. Citizenship and Immigration Service, and is not the province of this Court. *See* 8 C.F.R. § 214.14(c) ("USCIS has sole

---

[1] A U-Visa is the document used to "grant temporary lawful resident status . . . to victims of certain qualifying crimes who have been helpful, or are likely to be helpful, in the investigation or prosecution of that crime." *Shukhrat v. Sec'y, U.S. Dep't of Homeland Sec.*, 634 F. App'x 880, 882 (3d Cir. 2015.)

jurisdiction over all petitions for U nonimmigrant status."); *see also Shukhrat v. Sec'y, U.S. Dep't of Homeland Sec.*, 634 F. App'x 880, 882–83 (3d Cir. 2015). Accordingly, the portions of the petition other than the challenge to Petitioner's immigration custody are dismissed *sua sponte*.

A habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254 (applying to this case through Rules Governing § 2254 Cases, Rule 1(b)). Petitioner's filing included neither. Thus, this case will be administratively terminated. Petitioner shall be given an opportunity to reopen this action as a habeas petition.

Therefore, IT IS this 5th day of September 2018

ORDERED that the portions of the petition challenging Petitioner's criminal conviction or sentence and seeking the issuance of a U-Visa are DISMISSED without prejudice; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case; and it is further

ORDERED that, if petitioner wishes to reopen this case challenging his immigration detention, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07101; petitioner's writing shall include either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that, upon receipt of a writing from petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve upon petitioner by regular U.S. mail (1) a copy of this Memorandum and Order, (2) a blank form Application to Proceed in District Court Without Prepaying Fees or Costs, AO 239 (Rev. 01/15), and (3) a blank form Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, AO 243 (modified): DNJ-Habeas-004(Rev.01-2014).

KEVIN MCNULTY
United States District Judge